NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-501

JENNIFER ANN (KAMINSKI) SHRIVER
VERSUS
CHRISTOPHER STEVEN SHRIVER

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72,894
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cook, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

APPEAL DISMISSED.

Mitchel Mark Evans, II
Attorney at Law
Post Office Box 28
DeRidder, LA 70634
(337) 462-5225
Counsel for Defendant/Appellant:
	Christopher Steven Shriver

Scott Westerchil
Attorney at Law
301 South 3rd Street
Leesville, LA 71446
(337) 238-0019
Counsel for Plaintiff/Appellee:
	Jennifer Ann (Kaminski) Shriver

COOKS, Judge.

This court, *ex proprio motu*, issued a rule for the defendant-appellant, Christopher Steven Shriver, to show cause, by brief only, why the appeal in this case should not be dismissed as having been taken from a non-appealable, interlocutory ruling. For the reasons given below, we dismiss the appeal.

The plaintiff-appellee, Jennifer Ann (Kaminski) Shriver, filed this suit for divorce on July 16, 2004, and sought a joint custody order regarding the couple's minor children. The trial court signed a judgment granting the divorce and an order implementing the joint custody plan on October 4, 2004. These were amended to add the name of one of the parties' children on February 23, 2005.

On April 13, 2007, the defendant filed a Petition for Modification of Custody. The plaintiff responded by filing an exception to the jurisdiction of the court. The plaintiff asserted in this exception that she and the minor children left the state of Louisiana in August of 2004 and that they have resided in the state of North Carolina since on or about October 1, 2005.

The trial of the exception was conducted on November 29, 2007. At the conclusion of the hearing, the trial court stated that it was granting the motion and ordered these proceedings stayed pending the filing of custody proceedings in a state that would be a proper forum. Following the pronouncement of this ruling at the hearing, the defendant's counsel orally moved to be given a return date for the filing of an application for supervisory writs with this court. The trial court set the return date for thirty days from the date of the hearing.

1

The record reflects that on December 27, 2007, defense counsel filed a Notice of Intention to Seek Suspensive Appeal. Attached to this notice was an order that stated, "**IT IS ORDERED THAT** Defendant be and same is hereby permitted to apply to the Court of Appeal, Third Circuit, for Suspensive Appeal, from the Court's ruling, rendered on the **29th** of **November**, 20**07**, which declined to exercise Jurisdiction in connection with that certain Petition to Modify Custody." Despite for foregoing, the next paragraph of this order reads, "**IT IS FURTHER ORDERED,** that the Defendant's application for Supervisory Writs in the above captioned matter be filed in the Court of Appeal, Third Circuit, on or about March 3, 2008." This order was signed by the trial court on January 3, 2008. However, handwritten below the trial court's signature on the above quoted order appears the following notation dated January 9, 2008, and signed by the trial court, "Clerk's office advised no judgment filed in the record. Order for supervisory writs is hereby vacated."

On January 25, 2008, the trial court signed a judgment granting the exception of lack of jurisdiction. The judgment reads, in pertinent part, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this matter is stayed pending the outcome of pleadings filed in North Carolina in this matter."

Again, defense counsel filed a Notice of Intention to Seek Suspensive Appeal, dated February 21, 2008. The order granting this appeal was signed on February 25, 2008. This court lodged the record in this appeal on April 25, 2008, and issued the rule *sub judice* on April 28, 2008. This court has received no response to its rule.

2

The trial court, after granting the exception of lack of jurisdiction, chose to stay the proceedings in this state, rather than ordering the dismissal of the action. Therefore, we find that the trial court's ruling is interlocutory, not final. La.Code Civ.P. art. 1841. Because the instant judgment is an interlocutory one that no statute expressly provides is appealable, we find that the instant appeal must be dismissed at defendant's cost. La.Code Civ.P. art. 2083.

**APPEAL DISMISSED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**

Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.